## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **ROBERT HAZELET and SUE HAZELET,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2019-0061** |
| | ) | |
| **MARRIOTT OWNERSHIP RESORTS** | ) | |
| **(ST THOMAS), INC. d/b/a MARRIOTT** | ) | |
| **VACATION CLUB I; BART ENTERPRISES,** | ) | |
| **LLC; JOHN DOES; and ABC CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**A. Jeffrey Weiss, Esq.,**
**Alan R. Feuerstein, Esq.,**
St. Thomas, U.S.V.I.
        *For Plaintiffs*

**Jennifer Quildon Brooks, Esq.,**
**Niva Maria Harney-Hiller, Esq.,**
Miami, FL
        *For Defendant Marriott Ownership Resorts (St. Thomas), Inc.*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
        *For Defendant Bart Enterprises, LLC*

### MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiffs Robert Hazelet and Sue Hazelet's "Motion to Enforce Settlement Agreement, For an Award of Prejudgment Interest and Attorney's Fees" and the Exhibits attached thereto ("Motion"); Defendant Bart Enterprises, LLC's Response; and Defendant Marriott Ownership Resorts (St. Thomas), Inc.'s Response and the Exhibits attached thereto. Upon consideration of Plaintiffs' Motion and Defendants' Responses, the Court will deny Plaintiffs' Motion.

## I.    BACKGROUND[1]

On August 22, 2019, Plaintiffs Robert Hazelet and Sue Hazelet brought various tort claims against Defendants Marriott Ownership Resorts (St. Thomas), Inc. ("Marriott") and Bart Enterprises, LLC ("Bart") as a result of injuries sustained by Plaintiff Robert Hazelet at one of Marriott's properties. (Dkt. No. 1 (Compl.) at 1). On November 5, 2021, the parties participated in a successful mediation. (Dkt. No. 140 ("Mediation Report") at 1 ("The conflict has been completely resolved.")). On the same day, following the conclusion of the mediation, the mediator sent all parties an email in which the mediator listed several contractual terms and requested that the parties confirm that they had agreed to those terms at the mediation. One of the terms was that Defendants would pay Plaintiffs within a specified period of time. The parties each confirmed by email that the terms the mediator listed were correct.

On December 29, 2021, the parties executed a "Release and Indemnity Agreement" ("Agreement"). One provision of the Agreement specified the amount of money to be paid to each Plaintiff by each Defendant (the "Payment Clause"). Another provision contained language reflecting that the Release and Indemnity Agreement constituted the entire agreement between the parties (the "Merger Clause"). Neither the Payment Clause nor any other provision of the Agreement specified a date by which Defendants were required to make their payments to

---

[1] The Court notes that the parties requested and were granted leave to file their submissions under seal by Magistrate Judge Ruth Miller due to the confidential nature of the settlement. (Dkt. Nos. 145-146, 153-156). However, "[while] settlement agreements reached without court assistance or intervention will not be treated as judicial records for purposes of the right of access doctrine . . . settlement documents can become part of the public component of a trial . . . when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (internal quotations and citations omitted). Accordingly, while the Court appreciates the parties' concern for confidentiality and will therefore discuss the settlement in the most general terms that the circumstances permit, the Court's Opinion and Order will be placed on the public docket.

Plaintiffs. Marriott made its payments to Plaintiffs on December 29, 2021, and Bart made its payments on February 4, 2022.

Plaintiffs filed the instant Motion on January 13, 2022. In the Motion, Plaintiffs seek three forms of relief. First, Plaintiffs seek prejudgment interest from both Defendants at the rate of nine percent per annum,[2] calculated from December 6, 2021—which corresponds to the time frame reflected in the Mediator's email—to and including the date that each Defendant made payment.[3] Second, Plaintiffs seek to have the Court enforce the parties' settlement agreement as to Bart, which—unlike Marriott—had not yet made payment when Plaintiffs filed the Motion.[4] Third, Plaintiffs seek $3,915.00 in attorneys' fees for "9.1 hours of attorney time" that Plaintiffs' counsel expended in seeking to enforce the settlement agreement.

## II.    DISCUSSION

### A.  Prejudgment Interest

Plaintiffs' argument for prejudgment interest calculated from December 6, 2021 is founded on the premise that the parties' confirmations of the mediator's November 5, 2021 email constituted a binding contract such that Defendants' payment became due within the time frame

---

[2] *See* 11 V.I.C. § 951(a) ("The rate of interest shall be nine (9%) per centum per anuum on . . . all monies which have become due[.]").

[3] Plaintiffs expressly seek 23 days of prejudgment interest from Marriott, calculated from December 6, 2021, to and including December 29, 2021, when Marriott made its payments. *Id.* However, Bart had not made its payments by January 13, 2022 when the Motion was filed, but instead made its payments on February 4, 2022. Accordingly, the Court understands Plaintiffs' Motion to seek 60 days of prejudgment interest from Bart, calculated from December 6, 2021 to and including February 4, 2022.

[4] Plaintiffs appear to suggest that the Court would simply be "enforcing" the "mediated settlement agreement" by awarding Plaintiffs prejudgment interest from Marriott because Marriott's payments to Plaintiffs were not "full and final" absent such interest. To the extent that Plaintiffs' Motion may thus be read to request that the Court also enforce the settlement agreement as to Marriott, that request is denied for the same reasons set forth below.

set forth in the mediator's email. The Court does not reach whether the parties' November 5, 2021 representations in response to this email constituted an enforceable contract because the Court finds that any consideration of these representations is prohibited by the Merger Clause of the Agreement.

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement." *Rivera v. Sharp*, No. 08-cv-00020, 2021 WL 2228492, at \*19-\*20 (D.V.I. June 1, 2021), *aff'd*, No. 21-2254, 2022 WL 2712839 (3d Cir. July 13, 2022) (quoting *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs.*, 951 F.2d 1399, 1405 (3d Cir. 1991)). "A merger clause establishes that a written contract is the final and complete expression of the parties' agreement." *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l, Inc.*, 51 V.I. 1116, 1124 n.3 (D.V.I. 2009), *aff'd*, 561 F. App'x 131 (3d Cir. 2014). The effect of a merger clause "is to 'discharge[] prior agreements to the extent that they are within its scope.'" *Id.* (quoting Restatement (Second) of Contracts § 213(2) (1981)); *see also Battaglia v. McKendry*, 233 F.3d 720, 729 (3d Cir. 2000) ("[T]he standard merger clause causes prior negotiations and understandings to merge into and be extinguished by the subsequent agreement.").

Accordingly, "[i]f the language of a clear and unambiguous contract includes a merger clause, that clause precludes consideration of extrinsic evidence used to demonstrate an intent that contradicts or adds to the intent expressed in the contract." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 625 (V.I. 2017) (internal quotation and citation omitted). Thus, courts must "follow [the] plain meaning [of such a contract] and abstain from imputing language or interpretations that are not in accordance with [the contract's] plain meaning." *Id.* (quoting *Weary v. Long Reef Condo. Ass'n,* 57 V.I. 163, 169-70 (V.I. 2012)).

The Agreement is governed by Virgin Islands law pursuant to a choice of law provision. Plaintiffs do not dispute the existence or validity of the Agreement, and the Court finds that the Agreement is enforceable. *See Addie v. Kjaer*, 51 V.I. 463, 475 (D.V.I. Feb. 23, 2009) ("The parties do not dispute that the [] Agreement is a valid, binding contract. As such, its interpretation is governed by general contract principles."). Plaintiffs also do not argue that the Agreement is ambiguous, and the Court finds that the Merger Clause is reasonably capable of only one interpretation—namely, of expressing the parties' intention to fully integrate the Agreement. *See Washington Hosp. v. White*, 889 F.2d 1294, 1300 (3d Cir. 1989) ("To be unambiguous, an agreement must be reasonably capable of only one construction."); *see also Am. Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co.*, 62 F.3d 574, 581 (3d Cir. 1995) ("Ambiguity is a pure question of law for the court."); *Rivera*, 2021 WL 2228492, at *13 (finding that a contractual clause providing that the parties *"expressly agree that this [] Agreement constitutes the full understanding and entire agreement between the parties . . .* amounts to an unambiguous merger clause" (emphasis in original)); *Phillip*, 66 V.I. at 627 (finding that contractual clause providing that contract "constitutes the *entire agreement* between the parties hereto" is an "unambiguous merger clause").

As such, the Merger Clause discharges any representations that the parties made on November 5, 2021, provided that such representations fall within its scope. *Virgin Islands Water*, 51 V.I. at 1124 n.3. The Court concludes that the plain language of the Merger Clause confirms that the Agreement constitutes the entire agreement between the parties and that any representations or promises outside those set forth in the Agreement fall within the scope of the Merger Clause. Plaintiffs do not argue that the subject matter of the Agreement and of the parties' November 5, 2021 representations differ. Indeed, as both the November 5, 2021 representations and the Agreement pertain to the same injuries and claims, the Court finds that they pertain to the

5

same subject matter. *Cf. Phillip*, 66 V.I. at 628 (finding that contract for sale of property and "all prior agreements relating to the sale of the property" shared the same subject matter).

Thus, any representations that the parties made on November 5, 2021 merged into and were extinguished by the Agreement. *Battaglia*, 233 F.3d at 729. Further, because the Agreement itself does not provide a date certain by which Defendants were required to make payment to Plaintiffs, any payment date referenced by the parties on November 5, 2021 would add to the Agreement and is therefore squarely prohibited by the Merger Clause. *Phillip*, 66 V.I. at 625. Accordingly, the Court finds that Defendants' December 29, 2021 and February 4, 2022 payments were not past due, thus precluding the imposition of prejudgment interest pursuant to 11 V.I.C. § 951(a). *See VF Dev. v. Greaves*, No. 09-cv-00138, 2011 WL 4500295, at *4 (D.V.I. Sept. 27, 2011) ("In the Virgin Islands, an award of prejudgment interest is permitted on all monies *which have become due*." (emphasis added) (internal quotation omitted)).

In view of the foregoing, the Court will deny Plaintiffs' Motion insofar as it requests that the Court award prejudgment interest against Defendants.

## B. Enforcement of Settlement Agreement

Both Defendants have made their payments to Plaintiffs, and Plaintiffs do not request that the Court otherwise enforce the settlement agreement. Accordingly, the Court will deny as moot Plaintiffs' Motion insofar as it requests that the Court enforce the terms of the settlement agreement.

## C. Attorneys' Fees

Plaintiffs do not cite any authority for the proposition that they are entitled to attorneys' fees for the time their counsel expended on a motion on which they have not prevailed. Accordingly, the Court will deny Plaintiffs' Motion insofar as it requests that the Court award attorneys' fees.

6

### III.   CONCLUSION

In view of the foregoing, Plaintiffs "Motion to Enforce Settlement Agreement, For an Award of Prejudgment Interest and Attorney's Fees" will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 21, 2022

_____/s/_____
WILMA A. LEWIS
District Judge